Stuart **SHEPHERD**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 04–CM–51.

District of Columbia Court of Appeals.

Submitted Nov. 8, 2005.
Decided Aug. 10, 2006.

Walter S. Booth, Bethesda, MD, appointed by the court, was on the brief for appellant.

Kenneth L. Wainstein, United States Attorney, John R. Fisher, Assistant United States Attorney at the time the brief was filed, and Nichole Lehtman and Kami Chavis Simmons, Assistant United States Attorneys, were on the brief for appellee.

Before RUIZ, Associate Judge, and BELSON and TERRY,* Senior Judges.

RUIZ, Associate Judge:

Stuart Shepherd appeals his conviction of attempted cruelty to animals, D.C.Code §§ 22–1001, –1803 (2001), for insufficiency of the evidence; and his conviction on two counts of assault, D.C.Code § 22–404 (2001), on the theory that the Bias–Related Crimes Statute, D.C.Code §§ 22–3701, –3703 (2001), under which he was charged violates the First Amendment and the Due Process Clause of the Constitution. We reject both challenges and affirm.

This case involves an unprovoked assault on two women, as they and a neighbor were walking their dogs near the intersection of Wallach Place and Thirteenth Street, N.W., in the District of Columbia. As the group made a single file to allow appellant to pass them by, appellant used his left forearm and shoulder to hit one of the woman in the chest, as he said, "you fucking dikes, get off the sidewalk." When she asked him why he had hit her, appellant began to yell, "Lesbians get off the sidewalk. Dikes get off the sidewalk." As the women stepped back in the face of these insults, appellant moved toward them and hit the same woman again, this

---

* Judge Terry was an Associate Judge of the court at the time of submission. His status changed to Senior Judge on February 1, 2006.

time in the temple with his fist, and then punched the other one in her left arm. He continued to yell obscenities at them, calling them "dikes," "cunts," and "bitches." When the two womens' dogs began to bark at appellant, he tried to kick the dog. A passing driver stopped to offer help to the women, and a pedestrian called the police. After the police officer told appellant he was being arrested for a bias-related crime against lesbians, appellant told the officer, "My wife was a lesbian, and I had to put up with that shit for 25 years. Damn right, I'm homophobic .... That judge gave that lesbian bitch my children." At trial, appellant took the stand. He admitted that he was angry because the women would not let him pass and that he had yelled anti-lesbian insults at them. He denied, however, that he had hit the women or kicked the dog.

■ We review the sufficiency of the evidence in the light most favorable to the government. *See, e.g., Ford v. United States,* 533 A.2d 617, 624 (D.C.1987) (en banc). When the defense presents evidence, we "consider[ ] the entire record, and not merely the evidence presented by the prosecution, in determining the sufficiency of the proof." *Mills v. United States,* 599 A.2d 775, 780 (D.C.1991).

■ The trial judge at this bench trial "did not find any reason to doubt the credibility of the Government's witnesses," who testified that appellant, in a fit of anger, was trying to kick their dog. In contrast, the trial judge found appellant's testimony "not at all credible on this dog attacking him with no provocation of any kind; and all he's doing is pushing the little dog away." We "will not redetermine the credibility of witnesses where, as here, the trial court had the opportunity to observe their demeanor and form a conclusion." *In re S.G.,* 581 A.2d 771, 775 (D.C. 1990) (quoting *WSM, Inc. v. Hilton,* 724

F.2d 1320, 1328 (8th Cir.1984)). The evidence credited by the judge was sufficient to sustain the conviction of attempted cruelty to animals. *See* D.C.Code § 22–1001 ("Whoever knowingly ... cruelly beats ..."); D.C.Code § 22–1803 (criminalizing "attempt to commit any crime"); *Regalado v. United States,* 572 A.2d 416, 419–21 (D.C.1990) (holding that evidence of beating a puppy was sufficient to meet *mens rea* requirement of "general intent with malice").

■ Appellant does not challenge the sufficiency of the evidence for the assault convictions; instead, appellant argues—for the first time on appeal—that the Bias-Related Crimes Statute, D.C.Code §§ 22–3701, –3703, which enhances the penalty for an enumerated "bias-related crime," is facially unconstitutional because it is overbroad and punishes only the fact of being prejudiced, without the constitutionally-required nexus between that prejudice and the proscribed conduct. *See R.A.V. v. City of St. Paul,* 505 U.S. 377, 112 S.Ct. 2538, 120 L.Ed.2d 305 (1992). Because this argument was not raised before the trial court, our review is limited to plain error. *See Jones v. United States,* 527 U.S. 373, 388, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999).

■ We have not previously reviewed the constitutionality of the statutory definition of a "bias-related crime"—"a designated act that demonstrates an accused's prejudice based on the actual or perceived ... sexual orientation ... of a victim of the subject designated act," D.C.Code § 22–3701—nor do we need to do so definitively in this case to decide whether there was plain error. The trial court implicitly applied the statute as requiring a clear nexus between the bias identified in the statute and the assault, finding it "very clear that it was the bias that was the

source of the assault" beyond "the slightest doubt." Thus, it was appellant's assaultive conduct motivated by bias, not his homophobic prejudice as such, that was subject to criminal sanction. *See Wisconsin v. Mitchell,* 508 U.S. 476, 484, 113 S.Ct. 2194, 124 L.Ed.2d 436 (1993) (noting that "a physical assault is not by any stretch of the imagination expressive conduct protected by the First Amendment"). The trial court's finding of a nexus was amply supported by evidence—to which appellant generally admitted at trial—that appellant accompanied his assaults on the two women with a verbal stream of homophobic insults.

 Appellant also challenges the statute as too vague to provide him notice of the conduct proscribed and to constrain subjective police enforcement. The "designated act" underlying the bias charge in this case was assault, which is specifically enumerated in the statute. *See* D.C.Code § 22-3701(2). There is nothing vague about what constitutes an assault. For the enhancement to apply, the assault had to be based on "the actual or perceived sexual orientation ... of the victim." D.C.Code § 22-3701. Because the statute regulates criminal conduct, not only expressive speech, appellant's challenge must be focused on the statute as applied to him. *See Broadrick v. Oklahoma,* 413 U.S. 601, 611–615, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). As applied to the facts of this case, there was no vagueness, given appellant's evident animus against his victims' sexual orientation.

Moreover, appellant cannot meet his burden of showing that application of the Bias–Related Crimes Statute violated his substantial rights because the trial court did not enhance the sentence beyond

that available for simple assault. Appellant received a sentence of 180 days (all but 30 days suspended) for each assault conviction, which is the maximum term of imprisonment for assault, *see* D.C.Code § 22-404, without the 1½ times enhancement for bias-related crimes permitted by D.C.Code § 22-3703. Therefore, there is no plain error.[2]

Accordingly, the convictions are

*Affirmed.*

---

2. In light of our disposition, we need not address the government's argument that appellant waived his constitutional challenge by

failing to present it pre-trial as Rule 12(b)(*l*) of the Superior Court Criminal Rules requires.